**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & JOHN

                                    )
RRCI CONSTRUCTORS, LLC,             )
                                    )
          Plaintiff,                )
                                    )   Civil No. 2007-147
          v.                        )
                                    )
CHARLIE'S/DIAMOND READY MIX, INC.   )
and CONCRETE BUILDING PRODUCTS,     )
INC.,                               )
                                    )
          Defendants.               )
_____)
```

**ATTORNEYS:**

**John H. Benham, III, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**Emile A. Henderson, III, Esq.**
St. Croix, U.S.V.I.
   *For defendant Charlie's/Diamond Ready Mix, Inc.*

**Renee D. Dowling, Esq.**
St. Croix, U.S.V.I.
   *For defendant Concrete Building Products, Inc.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff, RRCI Constructors, LLC ("RRCI"), for summary judgment against the defendants, Charlie's/Diamond Ready Mix, Inc. ("Ready Mix") and Concrete Building Products, Inc. ("CBPI"), on its claim for an order compelling arbitration.

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 2

# I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Pursuant to a written agreement (the "Lease Agreement"), RRCI leased construction equipment from Ready Mix. The lease term commenced on April 10, 2006 and was to run for 18 months with an option for three additional six-month terms, for a total possible term of 36 months. At the end of the initial 18-month term, the Lease Agreement entitles RRCI to reimbursement from Ready Mix for three-fourths of the cost of repairs that RRCI makes to the equipment. The Lease Agreement further provides that RRCI is not entitled to reimbursement by Ready Mix if the parties extend the initial lease term. The parties have not extended the initial lease term.

In a letter dated August 6, 2007, Ready Mix notified RRCI that it had sold the leased equipment to CBPI. In a letter of the same date, CBPI notified RRCI that it had bought the leased equipment from Ready Mix and that RRCI should remit future lease payments to CBPI.

During the course of the initial lease term, RRCI, at its own expense, made repairs to the equipment. RRCI has demanded reimbursement. Neither Ready Mix nor CBPI has reimbursed RRCI.

RRCI asserts that its dispute with the Defendants over its claimed reimbursement is subject to an arbitration clause in the Lease Agreement. RRCI alleges that the defendants have refused

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 3

to participate in arbitration.  As a result, RRCI commenced this action to compel both of the defendants to arbitrate.

RRCI now moves for summary judgment against the defendants on its claim for an order compelling arbitration.  Ready Mix timely filed an opposition.[1]  CBPI filed an untimely opposition.[2]

On August 13, 2008, the Court held a hearing on RRCI's motion.  After hearing argument from counsel, the Court ordered

---

[1]   The Court takes this opportunity to refer Ready Mix to Local Rule of Civil Procedure 56.1(b), which provides, in pertinent part:

> Any party adverse to a motion filed under this rule may file a response, brief, affidavits and other supporting documents within twenty (20) days of the filing of the motion.  The respondent must address the facts upon which the movant has relied pursuant to subsection (a)(1), using the corresponding serial numbering and either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed.

LRCi 56.1(b) (2008).

Here, Ready Mix's opposition is deficient to the extent it addresses none of the facts set forth in RRCI's statement of undisputed material facts in accordance with the above rule.

[2]   The motion for summary judgment was filed on June 4, 2008.  Under normal circumstances, the Defendants' responsive pleadings would have been due no later than twenty days from that date.  *See* LRCi 56.1(b) (2008).  On June 18, 2008, the Magistrate Judge ordered oppositions to the motion to be filed no later than July 11, 2008.  Ready Mix timely filed its opposition.  CBPI filed its opposition on August 4, 2008.  The record does not reflect that CBPI sought, or was granted, an extension of time.

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 4

the parties to brief: (1) whether an arbitration agreement may obligate both a signatory and a non-signatory to arbitrate; and (2) what, if anything, is required for there to be a valid assignment of the rights and obligations of a signatory to an arbitration agreement. All parties have filed supplemental briefs.[3]

## II. DISCUSSION

The Federal Arbitration Act (the "FAA") provides that "a written provision in . . . a contract to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable save upon any grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "establishes a presumption in favor of arbitrability when arbitrability is in doubt . . . ." *Ballay v. Legg Mason Wood Walker, Inc.*, 878 F.2d 729, 733 (3d Cir. 1989); *see also Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226-27 (1987); *Johnson v. West Suburban Bank*, 225 F.3d 366 (3d Cir. 2000) ("[T]he presumption in favor of arbitration established by the [FAA] is a powerful one."); *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998)

---

[3] CBPI's supplemental brief was not filed within the twenty-day period the Court allotted. The record does not reflect that CBPI sought, or was granted, an extension of time to file its brief out of time.

(citations omitted). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

Because arbitration is a question of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* at 648. Therefore, whether or not parties must submit their dispute to arbitration is a question of contract between the parties. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943-44 (1995). A court cannot require a party to arbitrate unless that party has agreed to do so. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002).

When deciding a motion to compel arbitration, the court employs a standard similar to the summary judgment standard. *See Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980). "Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." *Id.* at 54. The party opposing the motion receives "the benefit of all reasonable doubts and

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 6

inferences that may arise." *Id.* The non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). If a genuine issue of fact is present, the court must hold a trial to determine whether an arbitration agreement exists. 9 U.S.C. § 4.

### III. <u>ANALYSIS</u>

As a preliminary matter, it is undisputed that the FAA applies in this matter. The FAA applies to all contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. The FAA defines "commerce" to include commerce "*in any Territory of the United States . . . .*" 9 U.S.C. § 1 (emphasis supplied); *see also Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc.*, 998 F.2d 145, 154 n.10 (3d Cir. 1993) (citing *Kanazawa Ltd. v. Sound, Unlimited*, 440 F.2d 1239 (9th Cir. 1971) (noting that the FAA applies to commerce in Guam)); *Sewer v. Paragon Homes, Inc.*, 351 F. Supp. 596, 599 (D.V.I. 1972).

Under the FAA, "[a] motion to compel arbitration calls for a two-step inquiry into (1) whether a valid agreement to arbitrate

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 7

exists and (2) whether the particular dispute falls within the scope of that agreement." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005) (citation omitted). "The FAA instructs courts to refer to principles of applicable state law when determining the existence and scope of an agreement to arbitrate." *Id.* at 532 (citing *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989)).

Under Virgin Islands law, the essential prerequisites for the creation of a valid contract are "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *University of the Virgin Islands v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. 2002); *see also* Restatement (Second) of Contracts § 17 (1981).[4] "Consideration" requires a performance or a return promise that has been bargained for. Restatement (Second) of Contracts § 17 (1981). Where there is no mutual assent, or no meeting of the minds, there is no contract. *James v. Fitzpatrick*, 25 V.I. 124, 127 (V.I. Terr. Ct. 1990).

---

[4] *See* V.I. CODE ANN. tit. 1, § 4 ("[T]he restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands[.]").

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 8

In support of its motion, RRCI has submitted the affidavit of its chief financial officer, John Cooney, as well as a copy of the Lease Agreement between RRCI and Ready Mix. In his affidavit, Cooney recites the essential facts surrounding RRCI's agreement to lease equipment from Ready Mix (*See* John Cooney Aff. ¶¶ 3-9, June 3, 2008.) Neither Ready Mix nor CBPI disputes those essential facts nor provides any evidence to show that the Lease Agreement is somehow invalid.

The signed, written Lease Agreement manifests RRCI's and Ready Mix's mutual assent to the Lease Agreement's terms. *See Adams v. Am. Residential Servs., L.L.C.*, Civ. No. 02-0410, 2003 U.S. Dist. LEXIS 26478, at *14 (D.D.C. May 8, 2003) ("[A] signature indicates mutuality of assent and a party is bound by the contract unless he or she can show special circumstances relieving him or her of such an obligation.") (applying District of Columbia law; citations omitted). The Lease Agreement is supported by consideration on both sides. *See* Restatement (Second) of Contracts § 72 (1981) (stating that "any performance which is bargained for is consideration"); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002) ("When both parties have agreed to be bound by arbitration, adequate consideration exists and the arbitration agreement should be enforced.") (citation omitted). Therefore, the terms of the

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 9

Lease Agreement, including the arbitration clause, constitute a valid, binding contract. *See*, *e.g.*, *Salvadori v. Option One Mortg. Corp.*, 420 F. Supp. 2d 349, 356 (D.N.J. 2006) (finding the first part of the motion-to-compel inquiry satisfied where "the parties executed a signed and valid Agreement to Arbitrate").

The Court asks next whether the parties' dispute falls within the scope of the arbitration clause. That clause provides, in pertinent part:

> **ARBITRATION**. With respect *to any disputes* between the Lessor and the Lessee *arising under this Lease*, the Lessee agrees that the Lessee, at its sole option and in its sole discretion, may elect to submit such disputes to arbitration in which such event all claims between the parties hereunder shall be subject to arbitration. Such election shall be evidenced by the filing of a demand for arbitration in accordance with the Construction Industry Rules of the American Arbitration Association and such arbitration shall then be conducted in accordance with such rules. This agreement to arbitrate shall be specifically enforceable under the prevailing law. The award rendered shall be final and any court having jurisdiction thereof may enter judgment upon the award.

(Pl.'s Statement of Undisputed Facts, Exh. 1-A at 5) (emphasis supplied).

The arbitration clause is certainly broad enough to encompass RRCI's claim for reimbursement of three-fourths of its equipment repair costs. *See*, *e.g.*, *Trippe Mfg. Co.*, 401 F.3d at 533 (finding the language of an arbitration clause "very broad,

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 10

encompassing '*all disputes*, claims, and controversies *arising under* this Agreement, or a breach thereof . . . .'") (emphasis supplied); *Alejandro v. L.S. Holding, Inc.*, 310 F. Supp. 2d 745, 750 (D.V.I. 2004) (compelling arbitration where the agreement "mandates arbitration for *any and all disputes arising from* [the plaintiff's] employment") (emphasis supplied), *aff'd*, 130 Fed. Appx. 544 (3d Cir. 2005) (unpublished).

Accordingly, the Court finds that there are no genuine questions of material fact concerning either the Lease Agreement's validity or coverage of the dispute that RRCI describes in its complaint. Ordinarily, the Court would compel Ready Mix to arbitrate RRCI's claim. This case, however, is not an ordinary one, as RRCI seeks to compel not only Ready Mix but CBPI, a non-signatory to the Lease Agreement.

It is an axiom of contract law that no party may be compelled to arbitrate unless that party has agreed to do so. *Painewebber, Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (citation omitted). A non-signatory, however, may be "bound by [an] agreement under traditional principles of contract and agency law." *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999) (citations omitted); *see also Barrowclough v. Kidder, Peabody & Co., Inc.*, 752 F.2d 923, 938 (3d Cir. 1985) ("[N]on-signatories of arbitration agreements have

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 11

been held to be bound by such agreements under ordinary common law contract and agency principles."), *overruled on other grounds by Pritzker v. Merrill Lynch, Pierce, Fenner & Smith*, 7 F.3d 1110 (3d Cir. 1993). Thus, "assignees of contracts containing arbitration provisions may become parties to such provisions." *Fisser v. International Bank*, 282 F.2d 231, 233 n.6 (2d Cir. 1960).

There are two main ways a contract may be assigned from one party to another. First, an assignment may occur where common law contract standards are satisfied. *See*, *e.g.*, Restatement (Second) of Contracts § 324 (1981) ("It is essential to an assignment of a right that the obligee manifest an intention to transfer the right to another person without further action or manifestation of intention by the obligee."); *see also* 6 Am. Jur. 2d Assignments § 118 ("Assignments are governed by contract law, so an assignment is subject to the same requisites for validity as are other contracts, such as intent or mutuality of assent, proper parties with the capacity to make a contract, consideration, and a legal subject matter.") (footnotes omitted). Second, a contract may be assigned by operation of law. *See*, *e.g.*, *Vt. Yankee Nuclear Power Corp. v. United States*, 73 Fed. Cl. 236, 240 (Fed. Cl. 2006) (noting that contracts may be assigned "by operation of law"); *Middleton/DPW v. Robinson*, 728

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 12

A.2d 368, 373 (Pa. Super. Ct. 1999) (noting that an assignment was "not an agreement . . . but a statutory construction, which arises by operation of law, rather than by contract"); *N. River Ins. Co. v. Spain Oil Corp.*, 515 N.Y.S.2d 703, 705 (N.Y. Sup. Ct. 1987) (explaining that subrogation may take place "not only by . . . express contract but by operation of law"). It is the latter method of assignment that is implicated in this matter.

Virgin Islands law provides that "a lease contract is effective and enforceable according to its terms between the parties, *against purchasers of the goods* and against creditors of the parties." V.I. CODE ANN. tit. 11A, § 2A-301 (emphasis supplied).[5] Under the plain terms of that provision, a non-signatory is bound by the entirety of a lease agreement, including an arbitration clause, when the non-signatory purchases goods leased under the agreement. In effect, the purchaser stands in the shoes of the seller -- the original lessor -- and is obligated to fulfill the same duties under the lease agreement as the seller. *See Medtronic AVE Inc. v. Advanced Cardiovascular Sys.*, 247 F.3d 44, 60 (3d Cir. 2001) ("[A]ssignment of a contract will result in the assignee stepping into the shoes of the assignor with regard to the rights that the assignor held[.]");

---

[5] Title 11A of the Virgin Islands Code codifies many provisions of the Uniform Commercial Code.

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 13

*Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 414 (3d Cir. 2000) (noting that an assignee "stands in the shoes of the assignors").

To show that CBPI is the purchaser of the leased equipment, RRCI has submitted two letters. The first letter, dated August 6, 2007, is from Ready Mix's president, Carlton L. Stevens, to Cooney. In that letter, Stevens states: "Please be advised that the batch plant has been sold to [CBPI]. As such, you are to make all future lease payments to CBPI[.]" (Pl.'s Statement of Undisputed Facts in Support of Mot. for Summ. J., Exh. 1C.) The second letter, also dated August 6, 2007, is from CBPI's secretary, M. Thomas Jackson, to Cooney. In that letter, Jackson states: "Be advised that [CBPI] [is] now the owners of the Concrete Batch Plant which you leased from [Ready Mix]. . . . You are hereby instructed to make all future payments to CBPI[.]" (*Id.*, Exh. 1D.)

The competent evidence RRCI has provided establishes that CBPI is the purchaser of the equipment RRCI leased from Ready Mix. Neither of the defendants disputes that fact.[6] Therefore, under the plain language of Title 11A, Section 2A-301 of the

---

[6] Indeed, attached to Ready Mix's opposition to the motion for summary judgment are the same two letters on which RRCI relies.

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 14

Virgin Islands Code, all terms of the Lease Agreement, including the arbitration clause, are binding on CBPI. Accordingly, because CBPI is bound by that clause and the parties' dispute comes within its scope, the Court will enter an order compelling CBPI to arbitrate.[7] *See Blum's Inc. v. Ferro Union Corp.*, 36 A.D.2d 584, 585 (N.Y. App. Div. 1971) ("An assignee who has taken over the rights of an assignor is bound to an arbitration clause in the assigned contract."), *aff'd*, 274 N.E.2d 751 (N.Y. 1971);

---

[7] In its opposition, CBPI does not dispute that it is the purchaser of the equipment. CBPI argues, however, that it is a bona fide purchaser for value of the equipment and "was not privy to the lease agreement between [Ready Mix] and RRCI." (Def. CBPI's Opp'n to Mot. for Summ. J. at 1.) In support of its position, CBPI has submitted the affidavit of its president, John F. Tutein. Tutein avers that an entity called G.E. Capital Corporation ("G.E.") at some time instituted a foreclosure action against Ready Mix. Although CBPI's pleadings and Tutein's affidavit are not entirely clear on this point, it appears that G.E. at some time may have held an interest in the equipment. Tutein states that, during the foreclosure action, he learned of G.E.'s intention to sell the equipment to RRCI. He avers that he thereafter negotiated with G.E. for CBPI to purchase the equipment instead of RRCI. He reiterates that CBPI is a bona fide purchaser for value of the equipment and has never sought to enforce any of the terms of the Lease Agreement.

The basis on which CBPI seeks to meet its burden of showing that it is not subject to the terms of the Lease Agreement is unclear. CBPI does not dispute that it is the purchaser of the leased equipment. CBPI also does not dispute that Title 11A, Section 2A-301 of the Virgin Islands Code explicitly provides that a purchaser of leased goods is bound by the terms of a lease agreement between the lessee and the original lessor. Nothing in the plain language of that provision excuses a bona fide purchaser for value from complying with those terms. As such, the Court is unpersuaded by CBPI's arguments in this vein.

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 15

*Tanbro Fabrics Corp. v. Deering Milliken, Inc.*, 35 A.D.2d 469, 471 (N.Y. App. Div. 1971) ("[T]he assignee of a contract acquires the assignor's rights therein and assumes its obligations including an agreement to arbitrate."), *aff'd*, 274 N.E.2d 751 (N.Y. 1971).

To the extent RRCI argues that the Lease Agreement is binding on both CBPI and Ready Mix, the Court is unconvinced. The thrust of RRCI's position is that both the assignor and assignee of an agreement may be compelled to arbitrate a dispute that comes within the scope of a valid arbitration agreement. Such a position is unsupported by law. *See* Restatement (Second) of Contracts § 317(1) (1981) ("An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which *the assignor's right to performance by the obligor is extinguished* in whole or in part and the assignee acquires a right to such performance.") (emphasis supplied); *see also Affymax, Inc. v. Johnson & Johnson*, 420 F. Supp. 2d 876, 879 (N.D. Ill. 2006) ("[A]n assignment ordinarily extinguishes the right [of the assignor] to compel arbitration."). The Lease Agreement is expressly between one lessor and one lessee, not two partial lessors and one lessee. Logic dictates that RRCI can bind only the party with which it is currently in contractual privity. There is no dispute that CBPI is that party.

*RRCI Constructors v. Charlie's/Diamond Ready Mix, et al.*
Civil No. 2007-147
Memorandum Opinion
Page 16

## IV. CONCLUSION

For the reasons given above, the Court will grant RRCI's motion for summary judgment on its claim for an order compelling arbitration with respect to CBPI and deny the motion with respect to Ready Mix. The Court will order RRCI and CBPI to arbitration on RRCI's claim for reimbursement. An appropriate order follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**